**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **CHANDRA WARE** | § | |
| | § | |
| **vs.** | § | **C.A. NO. 4:20-cv-01999** |
| | § | **(JURY)** |
| **STATE FARM MUTUAL** | § | |
| **AUTOMOBILE INSURANCE** | § | |
| **COMPANY** | § | |

## DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant State Farm Mutual Automobile Insurance Company ("State Farm") files this Notice of Removal of the present action from the 234th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division, on the basis of diversity of citizenship and amount in controversy.  In connection with this Notice of Removal, State Farm would respectfully show unto the Court as follows:

## I.
## INTRODUCTION

1.      This lawsuit began on or about April 20, 2020, when Plaintiff Chandra Ware, filed her Original Petition in Cause No. 2020-24553 in the 215th Judicial District Court of Harris County, Texas, styled *Chandra Ware v. State Farm Mutual Automobile Insurance Company*.  The suit arises from an automobile accident that occurred on March 5, 2018 in Harris County, Texas. Plaintiff seeks to recover uninsured/underinsured motorist benefits from State Farm.

2.      State Farm was served with Plaintiff's Original Petition on May 6, 2020 and filed its Original Answer on June 1, 2020.

## II.
## GROUNDS FOR REMOVAL

A. **Complete Diversity of Citizenship Exists Between the Parties, and the Amount in Controversy Exceeds $75,000**

3.     Removal is proper because there is complete diversity of citizenship between the parties, and the alleged amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1).

4.     Plaintiff is a resident and citizen of Texas.  State Farm was and is incorporated in, and a resident of, the State of Illinois.

5.     Plaintiff's Original Petition states she is seeking "monetary relief of $1,000,000.00." (*See* Pl.'s Original Pet. at 8.) Thus, the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1).

B.     **Venue is Proper in This Division and in This District.**

6.     Plaintiff filed this action in Harris County, Texas.  The Houston Division of the Southern District of Texas encompasses Harris County, Texas.  *See id.* § 124(b)(2). Thus, this district and division embrace the place where the state court action is pending.  *See id*. § 1441(a).

## III.
## PROCEDURAL REQUIREMENTS FOR REMOVAL

7.     State Farm was served on May 6, 2020.  This Notice of Removal is being filed on June 5, 2020.  Accordingly, this Notice of Removal is timely filed within 30 days of when State Farm received Plaintiff's Original Petition and within one year of the commencement of this suit. *See id.* § 1446(b).

8.     A copy of this Notice of Removal will be filed with the Harris County District Clerk's office and served on Plaintiff promptly. *See id.* § 1446(d); *see also Nixon v. Wheatley*, 368 F. Supp. 2d 635, 640 (E.D. Tex. 2005).

9. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81 of the Southern District of Texas, this Notice of Removal is accompanied by the following documents:

  Exhibit A: An index of matters being filed;

  Exhibit B: The state court docket sheet, all executed process in the case, all pleadings asserting causes of action, all answers to such pleadings, and all orders signed by the state judge;

  Exhibit C: A list of all counsel of record, including addresses, telephone numbers, and parties represented.

10. The filing fee has been paid to the Clerk.

11. The filing of this notice, along with the filing of the notice in the state court and service of the notice upon Plaintiff's counsel, serves immediately to confer exclusive jurisdiction of this cause upon this Court, and divests the state court of all jurisdiction over these proceedings and claims.

## IV.
## PRAYER

12. State Farm prays that the above-styled action now pending in the 215th Judicial District Court of Harris County, Texas be removed to this Honorable Court pursuant to the Court's diversity jurisdiction, that upon final trial, judgment be rendered that Plaintiff take nothing by his suit against State Farm, and for such other and further relief to which State Farm may be justly entitled.

13. This Notice of Removal is filed subject to and without waiver of any defenses or objections to Plaintiff's Original Petition as allowed by the Federal Rules of Civil Procedure or by any applicable law.

14. A jury fee was paid in state court and Defendant hereby requests a jury trial in this cause of action.

Respectfully submitted,

**GERMER PLLC**

By:_____

     **DALE M. "RETT" HOLIDY**
     Federal Bar No. 21382
     State Bar No. 00792937
     America Tower
     2929 Allen Parkway, Suite 2900
     Houston, Texas 77019
     (713) 650-1313 – Telephone
     (713) 739-7420 – Facsimile
     rholidy@germer.com

**ATTORNEY FOR DEFENDANT,
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY**

**OF COUNSEL:**

**GERMER PLLC**
Lauren N. Herrera
Federal Bar No. 3174150
State Bar No. 24092720
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 - Telephone
(713) 739-7420 - Facsimile
lherrera@germer.com

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to all known counsel pursuant to the Federal Rules of Civil Procedure on this the 5th day of June, 2020.

Anthony Akins Pusch                               <u>Via CM/ECF</u>
Pusch & Nguyen Law Firm PLLC
6330 Gulf Freeway
Houston, Texas 77023
eserve@puschnguyen.com

_____
**LAUREN N. HERRERA**

# EXHIBIT A

## LIST OF ATTORNEYS/PARTIES

1.   Anthony Akins Pusch
     PUSCH & NGUYEN LAW FIRM PLLC
     6330 Gulf Freeway
     Houston, Texas 77023
     (713) 524-8139 – Telephone
     (713) 524-7034 – Facsimile
     cnguyen@puschnguyen.com
     eserve@puschnguyen.com
     *Attorneys for Plaintiff, Chandra Ware*

2.   Dale M. "Rett" Holidy
     Lauren N. Herrera
     GERMER PLLC
     America Tower
     2929 Allen Parkway, Suite 2900
     Houston, Texas 77019
     (713) 650-1313 – Telephone
     (713) 739-7420 – Facsimile
     rholidy@germer.com
     lherrera@germer.com
     *Attorneys for Defendant, State Farm Mutual Automobile Insurance Company*

## INDEX OF DOCUMENTS FILED
## WITH REMOVAL ACTION

### CHANDRA WARE v. STAT FARM AUTOMOBILE INSURANCE COMPANY

(A)   Plaintiff's Original Petition

(B)   Citation

(C)   Answer for Defendant State Farm

(D)   State Court Case Summary/Docket Sheet

4/20/2020 11:32 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 42410655
By: Carolina Salgado
Filed: 4/20/2020 11:32 AM

# 2020-24553 / Court: 215

## CAUSE NO. _____

| | | |
|---|---|---|
| **CHANDRA WARE** | § | **IN THE _____ JUDICIAL** |
| **PLAINTIFF** | § | |
| vs. | § | **DISTRICT COURT OF** |
| **STATE FARM MUTUAL** | § | |
| **AUTOMOBILE INSURANCE COMPANY** | § | |
| **DEFENDANT** | § | **HARRIS COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION

COME NOW, CHANDRA WARE, Plaintiff, complaining of Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, (STATE FARM) and for cause of action would respectfully show unto the court the following:

### I
### DISCOVERY CONTROL PLAN

1. Plaintiff requests that this case be governed by Discovery Control Plan Level 2, pursuant to TEX. R. Civ. P. 190.3.

### II
### REQUEST PURSUANT TO RULE 28 FOR SUBSTITUTION OF TRUE NAME

2. To the extent that the above-named Defendant is conducting business pursuant to a trade name or assumed name, the suit is brought against them pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and Plaintiff hereby demands upon answering this suit, that the Defendants answer in its correct legal and assumed name. TEX. R. Civ. P. 28.

### III
### PARTIES

3. Plaintiff is an individual residing in Harris County, Texas and is represented by the undersigned counsel.

4. Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, is an insurance company authorized to do business in the State of Texas that may be served through their registered agent: Corporation Service Company, 211 E. 7th Street, suite 620, Austin, Texas 78701.

5. Plaintiff specifically invokes the right to institute this suit against Defendant in any other name which has been used to designate it, or which it has used, including, but not limited to, "STATE FARM." Plaintiff expressly invokes his right under Rule 28 of the Texas Rules

1

of Civil Procedure to have the true name of this party substituted at a later time upon the motion of any party or of the Court. In the event any parties are misnamed or not included herein, such event was a "misnomer," or such parties are or were "alter-egos" of parties named herein.

**IV**
**JURISDICTION AND VENUE**

6.  This Court has personal jurisdiction over STATE FARM, as it does business in Texas and issued a policy for uninsured/uninsured motorist coverage that it failed to honor.

7.  This Court has subject matter jurisdiction over Plaintiff's claims. Plaintiff seeks damages under the common law and statutes of the State of Texas. The amount in controversy for Plaintiff's claims exceeds this Court's jurisdictional minimum.

8.  Venue for this action is proper in Harris County, Texas because it is the county in which all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred. See Tex. Civ. Prac. & Rem Code, Sec. 15.002(a).

**V**
**INTRODUCTION AND FACTUAL BACKGROUND**

9.  This lawsuit results from an automobile collision that occurred on or about March 5, 2018. Plaintiff was involved in a motor vehicle accident with an uninsured driver/vehicle, Kierra Allen. Kierra Allen failed to control the speed of her vehicle thereby crashing Plaintiff's vehicle. The crash caused injuries to the Plaintiff.

10. The Plaintiff made an uninsured motorist claim with STATE FARM, but STATE FARM refused to affect a prompt, fair, and equitable settlement of Plaintiff's claim after liability became reasonably clear. In fact, liability was never disputed.

**VI**
**CAUSES OF ACTION IN UNDERLYING CLAIM**

11. Kierra Allen's negligence and gross negligence caused the wreck giving rise to this cause of action. Kierra Allen was negligent and grossly negligent in one or more of the following ways:

    a.  Failing to timely apply the brakes.

    b.  Failing to maintain a proper lookout.

    c.  Failing to turn the vehicle to avoid the collision.

2

    d. Driving the vehicle at a rate of speed greater than that at which an ordinary and prudent person would have driven under the same or similar circumstances.

    e. Failing to maintain a safe distance between her vehicle and the vehicle ahead of her.

## VII
## CAUSES OF ACTION AGAINST STATE FARM

12. STATE FARM has a "Special Relationship" with CHANDRA WARE, owner of the vehicle and driver at the time of the accident were Plaintiff were injured.

13. Plaintiff contracted with STATE FARM to pay his damages in the event that he became involved in a motor vehicle accident whereby he would be the victims of an accident. STATE FARM breached the contract. Despite having demanded payment of the claim and having the necessary information to tender the applicable limits of coverage within the contractual limits of Plaintiff's policy, STATE FARM failed and refused to tender the applicable policy limits or any other reasonable amount in satisfaction of the insurer's contractual obligations and

14. STATE FARM violated the Texas Insurance Code, engaged in fraud, acted in bad faith, was negligent and grossly negligent and handling the Plaintiff's claim, breached its common law and statutory duties of good faith and fair dealing with respect to the Plaintiff, failed to promptly adjust, analyze, pay and/or settle the Plaintiff's claims and violated multiple provisions of the Texas Insurance Code. STATE FARM also engaged in unfair claim settlement practices, failed to act in good faith under the statutory and common laws in and of Texas and refused to affect a prompt, fair and equitable settlement of Plaintiff's claim after liability became reasonable clear.

15. STATE FARM violated Texas Insurance Code 541 and 542 and

16. STATE FARM wrongfully and/or unlawfully exercised dominion and/or control over all or part of the money comprising Plaintiff's uninsured motorist policy limits and/or personal injury protection.

17. STATE FARM employed a course of conduct which was intended to deprive the Plaintiff of their rights of uninsured coverage policy with STATE FARM. This fraudulent tactic was intended to delay and/or minimize payments of future and/or current claims that should be

3

made to its insured who purchase uninsured and uninsured motorist coverage, in order to evade paying and/or promptly paying current claims and future claims.

18. While STATE FARM's advertising promotes the benefits of and their promises to pay uninsured and uninsured motor vehicle claims, it has and had no intent to live up to its promises and/or advertisements. STATE FARM never intended to comply with its contractual and/or statutory duties to the Plaintiff as (a) its advertising promises and (b) the Texas Insurance Code requires.

19. STATE FARM conduct was and continues to be egregious as it violates the law and the tenor of the law as it also violates the Texas Insurance Code, the Texas Deceptive Practices Act and Texas common law, which includes its duty of good faith arising from the "Special Relationship" between it and its insurers and warrants punitive damages, which Plaintiff seeks herein.

20. Instead, STATE FARM employed the course of conduct described herein. Its goal was to deprive the Plaintiff of their rights under their insurance policy, STATE FARM actively induced consumers to purchase underinsured and uninsured motorist coverage, knowing that it would not live up to its contractual obligations or its "Special Relationship" duties to consumers who purchased underinsured and uninsured motorist coverage.

21. STATE FARM's conduct was and continues to be egregious as it was, and continues to be, fraudulent and a breach of contract.

22. STATE FARM's conduct violates the law and the tenor of the law as it violates the Texas Insurance Code and Texas common law, which includes its duty of good faith arising from the "Special Relationship" between it and its insured.

## VIII
## VIOLATIONS OF TEXAS DECEPTIVE TRADE PRACTICES ACT AND TIE-IN-STATUTES

23. Plaintiff hereby incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

24.     STATE FARM's collective actions constitute violations of the DTPA, including but not limited to, Sections 17.46(b) (12), (14), (20), (24), and Section 17.50(a) (4) of the

4

Texas Business & Commerce Code.   STATE FARM collectively engaged in false, misleading, or deceptive acts or practices that included, but were not limited to:

    a.    Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

    b.    Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction;

    c.    Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had such information been disclosed;

    d.    Using or employing an act or practice in violation of the Texas Insurance Code;

    e.    Unreasonably delaying the investigation, adjustment and resolution of Plaintiff's claim;

    f.    Failure to properly investigate Plaintiff's claim; and/or

    g.    Hiring and relying upon a biased engineer and/or adjuster to obtain a favorable, result-oriented report to assist STATE FARM in low-balling and/or denying Plaintiff's damage claim.

25. As described in this Original Petition, STATE FARM represented to Plaintiff that their insurance policy and STATE FARM's adjusting, and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA.

26. As described in this Original Petition, STATE FARM represented to Plaintiff that its insurance policy and STATE FARM's adjusting, and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of Section 17.46 (b)(7) of the DTPA.

27. By representing that STATE FARM would pay the entire amount needed by Plaintiff to cover their medical bills, pain and suffering, STATE FARM has violated Sections 17.46 (b)(5), (7) and (12) of the DTPA.

28. STATE FARM's actions, as described herein, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree.   STATE FARM's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA.

29. STATE FARM's conduct, acts, omissions, and failures, as described in this Original Petition, are unfair practices in the business of insurance in violation of Section 17.50 (a) (4) of the DTPA.

30. Plaintiff are a consumer, as defined under the DTPA, and relied upon these false, misleading, or deceptive acts or practices made by STATE FARM to their detriment.  As a direct and proximate result of STATE FARM's collective acts and conduct, Plaintiff have been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sue. All of the above-described acts, omissions, and failures of STATE FARM are a producing cause of Plaintiff's damages that are described in this Original Petition.

31. Because STATE FARM's collective actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages, for STATE FARM having knowingly committed its conduct. Additionally, Plaintiff are ultimately entitled to recover damages in an amount not to

6

exceed three times the amount of mental anguish and actual damages due to STATE FARM having intentionally committed such conduct.

32. As a result of STATE FARM's unconscionable, misleading, and deceptive actions and conduct, Plaintiff have been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on his behalf. Accordingly, Plaintiff also seeks to recover their costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code, as well as any other such damages to which Plaintiff may show himself to be justly entitled at law and in equity.

## VIII
## DAMAGES

33. Plaintiff are entitled to recover statutory and common law damages as a result of the conduct of STATE FARM. The adjuster for STATE FARM was in the course and scope of his/her employment when he/she effectively denied the Plaintiff's claim.

34. Plaintiff seeks all common law statutory damages and relief to which he may be entitled, punitive or exemplary damages, plus attorney's fees, court costs, 18% interest on amounts recovered, prejudgment and post judgment interest at the greatest legal rates. The damages sought by Plaintiff include:

    a. Damages for past and future physical impairment.

    b. Damages for past and future loss of wages and/or wage earing capacity,

    c. Damages for past and future mental anguish and emotional distress,

    d. Damages for past and future physical pain and suffering

    e. Damages for past and future physical disfigurement.

    f. Damages for past and future medical care and treatment and related expenses,

    g. Cost of Court and

    h. Pre-judgment and post judgment interest at the greatest legal rates,

    i. Attorney's fees and

    j. 18% interest on all amounts awarded or the greatest legal rate for the specific cause(s) of action under which the Plaintiff recover herein, as damages and/or costs and/or interest,

k.   Treble damages and/or exemplary and/or punitive damages and/or

l.   Any and all further relief to which the Plaintiff may be entitled.

35. As such, Plaintiff have incurred damages in excess of the minimum jurisdictional limits of this Court.  The amount of the Plaintiff's damages is substantial and well in excess of the jurisdictional minimums of this Court.  Many elements of damage, including pain, suffering and mental anguish in the past and future, past and future physical impairment, and future lost earning capacity, cannot be determined with mathematical precision. Furthermore, the determination of many of these elements of damage is peculiarly within the province of the jury.  Plaintiff do not, at this time, seek any certain amount of damages for any of these particular elements of damage, but would instead rely upon the collective wisdom of the jury to determine an amount that would fairly and reasonably compensate them.  However, required by Rule 47 of T.R.C.P., Plaintiff specifically pleads that Plaintiff seeks monetary relief of $1,000,000.00, including damages of any kind penalties, costs, expenses, pre-judgment interest. However, Plaintiff reserve the right to either file a trial amendment or an amended pleading on this issue should subsequent evidence show this figure to be either too high or too low.

## IX
## MISCELLANEUS

36. Plaintiff incorporates all paragraphs of this petition into all others by reference. All conditions precedent to Plaintiff's rights to recover have occurred. Headings or paragraphs do not limit the scope of their contents, as the contents of all paragraphs are incorporated into all others by reference.

37. All pleadings herein are made directly and in the alternative.

## X
## JURY DEMAND

38. Plaintiff requests that all causes of actions alleged herein be tried before a jury consisting of citizens of Harris County, Texas. Plaintiff renders the appropriate jury fee.

## XI
## REQUEST FOR STANDARD DOCKET CONTROL ORDER

39. Plaintiff present his objection to Agreed Docket Control order. Parties will not reach any agreement on Docket Control Order. Plaintiff request standard Harris County Docket

8

Control Order to be issued and served on all parties.

## XI
## **REQUEST FOR DISCLOSURE**

40. Pursuant to Rule 194, Defendant is requested to disclose, within 50 days of the service of this request, the information or material described in Tex. R. Civ. P. 194.

## XII
## **FIRST SET OF INTERROGATORIES TO DEFENDANT**

1. If you are going to contend that Plaintiff failed to meet any conditions precedent to filing suit, please give the basis for that contention.

2. Identify the date you first anticipated litigation and the reasons that led you to that conclusion.

3. Set forth the timeline of documents you have received and reviewed in connection with Plaintiff's UIM claim.

4. Identify the dates for which you must have timely evaluated, accepted, and/or rejected
   a. Plaintiff's UIM claim.

5. If you are going to somehow claim Plaintiff was contributorily negligent, give the factual basis for that contention.

6. If you are going to contend that Plaintiff failed to mitigate his damages in any manner, please give the basis of that contention.

7. Please identify any medical, mechanical or engineering expert you consulted with prior to extending any settlement offers on the Plaintiff's UIM claim.

8. Identify each person who provided information or participated in answering these interrogatories including his name, address, telephone number, and position or job title, and state which interrogatories each person provided information for or participated in answering.

9. Identify every person who participated to any degree in the investigation of the claim involved in the case, describe the involvement of each person identified, and state the dates of each investigation.

10. Describe in detail your investigation concerning Plaintiff's claim and include in your answer each activity that you contend satisfied the requirements of TEX. INS. CODE article 541.

9

11. For each activity that you contend satisfied the requirements of TEX. INS. CODE article 542 regarding "Prompt Payment of Claims." State the following:

   a. The date you received notice of any claim, how you received notice, and the identity of any document or person who gave you notice;

   b. The date your acknowledgement receipt of the claim, the means and content of the acknowledgement, and the identity of any document or person who acknowledged receipt;

   c. The date you commenced any investigation of the claim, how you commenced your investigation, the identity of any person who commenced the investigation, and the identity of any document showing the commencement of your investigation;

   d. The date of each request from the claimant for all items, statements, and form you reasonable believed, at the time, would be required from the claimant, the identity of the document setting out the request, and the identity of the person making the request;

   e. The date you received all items, statements, and forms required by you in order to secure final proof of loss, and what occurred on that date;

   f. The date and identity of any document notifying the claimant of your acceptance or rejection of the claim and the reason for your rejection;

   g. The date and identity of any notice to the claimant stating any reasons you needed additional time;

   h. The date and amount of any payment by you, and the identity of any document relating to that payment.

12. If you contend that Plaintiff has not given you information that is necessary for you to properly evaluate and pay his claim, please identify and describe all further information that you need, when it was requested, and why it was necessary.

13. State every basis, in fact and in terms of the policies, for Defendants' Denial and/or recommendation of denial or Plaintiff's claim. If you have not denied the claim then state every basis, in fact and in terms of the policies, for Defendants' failure to pay Plaintiff's initial demand.

14. Identify each element of Plaintiff's claims that you contend is not covered by the policy and explain why each is not covered. Also, identify each element of Plaintiff's claim that you agree is covered by the policy and explain why each is covered.

15. For the most recent five (5) years, please provide the following information

    a.   The total number of written claims filed for UM coverage, including the original amount filed for by the insured and the classification by line of insurance of each individual written claim;

    b.   The total number of written claims denied;

    c.   The total number if written claims settled. Including the original amount filed for by the insured, the settled amount, and the classification of line of insurance of each individual settled claim;

    d.   The total number of written claims for which lawsuits were instituted against you, including the original amount filed for by the insured, the amount of final adjudication, the reason for the lawsuit, and the classification by line of insurance of each individual written claim;

    e.   The total number of complaints, their classification by line of insurance, the nature of each complaint, the disposition of these complaints, and the time it took to process each complaint. Please also provide any information you possess regarding how your complaint ratio compares to that of the industry average.

16. For the handling adjuster please provide the following information:

    a.   The total number of claims currently assigned

    b.   Educational background from high school to present

    c.   Job history.

    d.   Training records related to the field of claims handling in general and "accident dynamics" specifically

    e.   Current insurance adjusters license along with proof that the license was current during the pendency of Plaintiff's claims.

    f.   A list of any lawsuits to which the handling adjuster has been a name party to in the last ten (10) years.

17. If you contend that any medical expenses incurred by Plaintiff were either unreasonable, unnecessary or both, please identify the following:

    a.   Which provider (s) provided unnecessary services along with a list of those services.

11

b. Which provider (s) charged performed charged unreasonable amounts for their services along with a list of those services and the amounts you would consider unreasonable.

18. Please list all medical expenses submitted by or on behalf of the Plaintiff that you do agree were both reasonable and necessary. Please include provider, dated and type of service and the amount charged.

19. Please list all medical expenses submitted by or on behalf of the Plaintiff that you believe a "paid vs. incurred" deduction applies, including the amount of charges incurred for those medical expenses, the amount of the "paid vs. incurred" deduction, and the amount of money which you believe was actually paid for those medical expenses.

## XIII
## REQUESTS FOR PRODUCTION TO DEFFNDANT

1. Produce copies of each and every insurance policy and/or agreement which may be required to satisfy all or part of a judgement which may be entered in this action or to indemnify or reimburse Defendants for payments made to satisfy such a judgement. This request specifically refers to all coverage available to Defendants and/or thought or a named insured or omnibus insured or any other type whether by application, binder, issuance of policy or extension of a grace period.

2. Produce copies of any document that any expert witness you may call to testify at trial of this case has reviewed and/or will utilize to aid testimony.

3. Produce copies of any document or other item an expert witness you may call to testify at trial of this case has reviewed or relies upon which relates to or in any way concerns the Plaintiff's damages or injuries suffered by Plaintiff.

4. Produce copies of any document that any expert witness you may call to testify at trial of this case has reviewed or relied upon in formulating his/her opinions that relates to or concern's this litigation in any way.

5. Produce copies of any statements given to Defendants by Plaintiff or co-Defendant or statements given by and otherwise obtained by Defendants from Plaintiff or co-Defendant.

6. Produce copies of any and all investigation and/or accident reports in Defendant's possession excluding documents which constitute communications between agent's or representatives of Defendants that were made subsequent to the occurrence upon which this suit is based and in connection with or anticipation of the defense of claims made a part of the pending litigation.

12

7.  Produce a copy of the curriculum vitae of each expert witness you may call to testify upon the trial of this case.

8.  Produce all non-privileged documents, records and/or other writings that evidence an admission, in whole or in part, that the incident was caused by an act or omission or fault or negligence of any person or entity.

9.  Produce any photographs or videotapes of Plaintiff.

10. Produce copies of any documents reflecting settlement agreements, dals, and/or understandings between Defendants and any other party concerning the lawsuit or the incident made the basis of this lawsuit.

11. Produce copies of any and all documents and/or reports, as well as all other tangible things, physical models, compilations of data and other material prepared by any expert whom you may call to testify, including the discoverable factual observations, tests, supporting data, calculations, photographs and options of such expert with regard to this case.

12. Produce copies of any and all documents and tangible items furnished to each expert you may call to testify at trail of this case.

13. Produce copies of any and all documents evidencing the reasons why the company issuing any policy which would protect you against the risks sued hereon claims or intends to claim that is has some ground for denying you coverage provided under said policy.

14. Produce copies of any and all charts, plans, photographs, or other documents intended to be introduced not evidence on the issues of liability or damage.

15. Produce copies of any and all photographs, videotapes, movies, slides, etc., that in any way relate to the incident made the basis of this suit.

16. Produce copies of any and all indemnity agreements between any of the parties to this case.

17. Produced copies of any and all indemnity agreements between any party to this case and any non-party which is relevant to the incident or injuries made the basis of this suit.

18. Produce copies of any and all reports which have been obtained from any expert you may call to testify at trial of this case.

19. Produce copies of any and all work papers, notes, and other documents in the fil of any expert witness who you may call to testify, or in the fil of any expert witness whose opinions will be relied upon in whole or in part by an expert you may call to testify at the trial of this case.

20. All documents signed by Plaintiff.

21. The insurance applications made by Plaintiff subject this lawsuit.

22. Any insurance application filed by Plaintiff and all documents relating to the application.

23. A complete copy of the Plaintiff's insurance policy at issue in this lawsuit including all prior and subsequent policies.

24. A complete copy of all other insuring agreements relating to Plaintiff.

25. Any other agreements between Plaintiff and Defendant or Defendant and co-Defendants and all the documents relating to any agreement.

26. Your entire "underwriting" file on Plaintiff's policy at issue in this lawsuit. This request excludes any documents that may be protected by attorney-client or work product protection.

27. A privilege log for any documents you claim are subject to the attorney-client or work product privileges.

28. All underwriting guidelines and related documents relating to Plaintiff's insurance policy.

29. Copies of any statements you have received from any person the subject matter of this lawsuit.

30. The agent's/adjuster's/claim manager's entire file concerning Plaintiff.

31. All documents mentioning, summarizing, containing, describing, or otherwise relating to any contacts between you and Plaintiff.

32. Copies of any personal notes, documents, or memoranda relating to Plaintiff.

33. All correspondence between you and Plaintiff or his representatives.

34. All correspondence between you and anyone else relating to Plaintiff. Plaintiff's claims, claim history, or this lawsuit.

35. All records of every telephone conversation with or regarding Plaintiff.

36. All document submitted by Plaintiff in support of his claim.

37. All documents received from anyone else regarding Plaintiff's claim.

14

38. All documents setting forth any opinion of your counsel regarding the interpretation and application of any exclusion, limitation, or other policy provision to Plaintiff's claim, to the extent that you relied on any such document in making your decision to deny Plaintiff's claim for the full policy limits.

39. All documents that you contend satisfied your obligation under TEX. INS CODE article 21.55 in this case.

40. All documents that you contend satisfied your duty to promptly respond to pertinent communications from Plaintiff.

41. All documents that you contend satisfied your duty to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim.

42. All documents that you contend satisfied your duty to provide promptly to Plaintiff or her representatives a reasonable explanation of the basis in his insurance policy in relation to potential coverage, payments, the facts or applicable law for denial of her claim or for the offer of a compromise settlement.

43. All documents that you contend satisfied your duty to conduct a reasonable investigation of Plaintiff's claim based upon all available information.

44. The entire personnel file of each agent or adjuster involved int the underlying facts of this case.

45. All other documents, reports, or memoranda received, reviewed, relied on by you, or otherwise related to your handling of Plaintiff's claim.

46. All documents relation to company guidelines or policies that serve as criteria for evaluation whether claims are covered or excluded by any polices provisions that you contend apply to Plaintiff's claim.

47. A copy of your current claim handling policies and procedures and the version in effect at the Plaintiff's was pending.

48. The reserve and reinsurance file relating, concerning or referring to Plaintiff.

49. All documents that you contend contradict the amount of Plaintiff's claim.

50. Any complaint list, complaint journal, or similar document for the most recent five-year period. This request seeks any list kept in the form required by the Texas Department of Insurance pursuant at 28 Tex. Admin. Code 210103 (6), and any similar documents.

51. All claims and underwriting files for each claim by another claimant whose claim you denied in the past five years for any reason that you contend supports your denial of Plaintiff's claim. You may redact personal privacy information.

52. Your claim denied journal and any similar documents for the most recent five years.

53. All demand or complaint letters you have received in the past five years from any person after you denied his claim for any reason that you contend supports your denial of Plaintiff's claim.

54. Copies of all petitions and complaint field in any lawsuits in the past five years to which you are, or have been, a party in any capacity relation to disputes involving allegations of "bad Faith," deceptive trade practices, unconscionable conduct, unfair insurance practices, violations of article 21.21 of the Texas Insurance Code, b reach of the duty of good faith and fair dealing, any violation of any statue, rule, or regulation regulating the business of insurance, or any similar allegations, relating to ta policy similar to Plaintiff's policy and any claim you denied for any reason you contend applies to Plaintiff's claim.

55. Your most recent annual statement as field with the Texas Department of Insurance.

56. All documents showing premiums paid by Plaintiff for the policy.

57. All documents relating to the amount of any reserve you have established, set aside, or reported for Plaintiff's claims.

58. Documents showing your net worth for the past five years.

59. Any settlements agreement or similar document reflecting any agreement, deal, or understanding between you and other person or entity with respect to this case.

60. All documents referred to or relied on in your interrogatory answers.

61. Any videotape and/ or videotape recording of anything relation to any issue, claim, fact or defense in this lawsuit.

62. All photographs that relate to Plaintiff or any claim, defense, or issue in this case.

63. All tangible things that relate to any claims of defense in this case.

64. All employment agreements that you have ever had with your agent and adjuster in this case.

65. Produce all training materials available to the handling adjuster that pertain to "accident dynamics."

16

66. All literature available to the handling adjuster showing potential injuries resulting from low-impact accidents.

67. All documents which reflect the date on which you first anticipated litigation.

## XIV
## REQUESTS FOR ADMISSIONS TO DEFENDANT

1. Admit that venue is proper.

2. Admit that personal jurisdiction exists.

3. Admit that this is a convenient forum.

4. Admit that Defendants has been properly named in Plaintiff's most recently filed Petition/Complaint.

5. Admit that Defendants ran electronic searches to determine if Plaintiff had a history of injury claims.

6. Admit that to your knowledge Plaintiff had not made any injury claim other than the one arising out of this lawsuit.

7. Admit you breached your contract with Plaintiff when you denied his claim.

8. Admit that Plaintiff has UM coverage with your company for the date of loss in this lawsuit.

9. Admit your agent represented that damages the type of which Plaintiff incurred were covered prior to your denial of this claim when Plaintiff purchased a policy from you.

10. Admit Plaintiff met all conditions precedent bring this suit.

11. Admit you wrongfully denied Plaintiff's claim.

12. Admit you consistently underpay covered losses.

13. Admit that your complaint ratio with the Texas Department of Insurance is over 2 times that of industry average.

14. Admit Plaintiff suffered loss greater than your adjuster's proffered value.

15. Admit the agent involved in the events giving rise to this lawsuit did not commit an error and/or omission.

16. Admit you or you adjuster undervalued Plaintiff's loss and/or damages.

17. Admit you violated the Texas Insurance Code in the events giving rise to this lawsuit.

18. Admit you did not promptly pay Plaintiff's undisputed potion of these claims.

19. Admit you delayed acceptance or denial of Plaintiff's claims.

20. Admit that as of March 5, 2018, you had not issued any payments for UM benefits to Plaintiff.

21. Admit that the terms of the applicable insurance policy do not require as insured to sign a release to obtain contractual benefits.

22. Admit that you refused to explain what medical expenses you reimbursed Plaintiff for under his PIP coverage.

23. Amit that the information referenced in the above request was sought in writing.

24. Admit that you did not ask for any information about the medical condition of the Plaintiff prior to this accident.

25. Admit that you do not believe Plaintiff was injured in this accident.

26. Admit that you do believe that Plaintiff was injured in this accident.

27. Admit that some of the Plaintiff's medical expenses provided to you were reasonable and necessary.

28. Admit that NONE of the Plaintiff's medical expenses provided to you were reasonable and necessary.

29. Admit that Plaintiff did nothing to cause or contribute to causing this accident.

30. Admit that the police were timely notified about this accident.

31. Admit that you and your conduct are governed by the statutory provisions of the Texas Insurance Code.

32. Admit that all correspondence sent to Plaintiff, or his representatives, was done intentionally and/or knowingly.

18

33. Admit that it was intended that Plaintiff could rely on the factual statements contained within any correspondence you sent to him or his representatives.

34. Admit that you have a duty of good faith and fair dealing as it applies to claims presented by your policy holders

35. Admit that you have a duty not to provide false information to your policyholders.

## XV
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully request that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment of interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

PUSCH & NGUYEN LAW FIRM PLLC

_/s/ Anthony Akins Pusch_
Anthony Akins Pusch
apusch@puschnguyen.com
State Bar No. 24094445
Chi-Hung David Nguyen
cnguyen@puschnguyen.com
State Bar No. 24095085
6330 Gulf Freeway
Houston, TX  77023
713-524-8139 (Office)
713-524-7034 (Facsimile)
**For Electronic Service:**
**eserve@puschnguyen.com**

**ATTORNEYS FOR PLAINTIFF**

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

20

MAY 6 - 2020
@11:15AM
EML
**COPY OF PLEADING PROVIDED BY PLT**

Receipt Number: 899793
Tracking Number: 73743929

CAUSE NUMBER: 202024553

| | |
|---|---|
| PLAINTIFF: WARE, CHANDRA | In the 215th Judicial |
| vs. | District Court of |
| DEFENDANT:  STATE  FARM  MUTUAL  AUTOMOBILE INSURANCE COMPANY | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO:  STATE  FARM  MUTUAL  AUTOMOBILE  INSURANCE  COMPANY  MAY  BE  SERVED  THROUGH  ITS
REGISTERED AGENT CORPORATION SERVICE COMPANY

211 E 7TH STREET SUITE 620

AUSTIN TX 78701

   Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on April 20, 2020, in the above numbered and styled cause
on the docket in the above Judicial District Court of Harris County, Texas, in the
courthouse in the City of Houston, Texas. The instrument attached describes the claim
against you.

   YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not
file a written answer with the District Clerk who issued this citation by 10:00 a.m.
on the Monday next following the expiration of twenty days after you were served this
citation and petition, a default judgment may be taken against you.

   ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this
April 21, 2020.



Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: CAROLINA SALGADO

Issued at request of:
Pusch, Anthony A
6330 GULF FREEWAY
HOUSTON, TX  77023
713-524-8139

Bar Number: 24094445

DELIVERED:
ON 5 / 06 /2020
BY VS    PSC-12617

Tracking Number: 73743929
EML

CAUSE NUMBER: 202024553

| | |
|---|---|
| PLAINTIFF: WARE, CHANDRA | In the 215th |
| vs. | Judicial District Court |
| DEFENDANT: STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | of Harris County, Texas |

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____o'clock ____. M., on the _____ day of _____, 20_____.
Executed at (address) _____
in _____ County
at _____ o'clock ____. M., on the _____ day of _____, 20 _____,
by delivering to _____ defendant,
in person, a true copy of this
Citation together with the accompanying _____ copy(ies) of the _____ Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____ day of _____, 20 _____.

FEE: $ _____

_____
_____ of _____

County, Texas

_____     By: _____
          Affiant                                              Deputy

On this day, _____, known to me to be the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ of _____, 20 _____

_____
          Notary Public

6/1/2020 8:58 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 43354934
By: Iris Collins
Filed: 6/1/2020 8:58 AM

## CAUSE NO. 2020-24553

| | | |
|---|---|---|
| **CHANDRA WARE** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **STATE FARM MUTUAL AUTOMOBILE** | § | |
| **INSURANCE COMPANY** | § | **215TH JUDICIAL DISTRICT** |

## <u>DEFENDANT'S ORIGINAL ANSWER AND JURY DEMAND</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**, (hereinafter referred to as "State Farm"), files this Original Answer to Plaintiff's Original Petition and all subsequent supplemental and/or amended petitions filed against it and would respectfully show the Court and Jury as follows:

### I.

Pursuant to the provisions of Rule 92 of the Texas Rules of Civil Procedure, Defendant denies each and every, all and singular, the allegations contained in the Plaintiff's Original Petition, and demands strict proof thereof.

### II.

Defendant would show that Plaintiff has failed to fulfill the conditions precedent for bringing an uninsured/underinsured motorist claim against Defendant.  Specifically, Plaintiff has failed to establish that he is legally entitled to recover damages from the owner or operator of an uninsured or underinsured motor vehicle because of bodily injury sustained by him, caused by an accident. *Part C of the State Farm Texas Personal Auto Policy.*

**III.**

Pleading further, Defendant would show that it is entitled to all credits and offsets allowed under the policy against any damages awarded by the jury. Such credits and offsets include, but are ***not limited to***, all Personal Injury Protection ("PIP") payments made by State Farm to Plaintiff. Defendant is also entitled to an offset in the amount of all of the alleged tortfeasor's liability limits.

**IV.**

Defendant would show that Plaintiff's "extra-contractual" allegations are premature and without merit since no breach of the contract has occurred.

**V.**

Defendant would show any claim for breach of contract is meritless; specifically, Defendant cannot be in breach of the contract because there has been no determination of (1) liability, and (2) that Plaintiff's damages exceed to tortfeasor's policy limits, and all other applicable offsets and credits.

**VI.**

Defendant asserts that Plaintiff is not entitled to attorney fees in this case as there has not yet been a showing of liability or damages entitling Plaintiff to recovery of uninsured motorist benefits.

**VII.**

Defendant asserts that Plaintiff is not entitled to pre-judgment interest or any other damages beyond the policy limits of uninsured/underinsured motorist coverage under the subject insurance contract.

**VIII.**

Plaintiff's rights to recover medical expenses are limited by the provision of Texas Civil Practice and Remedies Code section 41.0105. Plaintiff is only entitled to recover the amount paid or incurred by or on behalf of the Plaintiff.

**IX.**

Defendant reserves the right to amend this Original Answer pursuant to the said Rules of Civil Procedure.

**JURY DEMAND**

Defendant hereby demands a trial by jury pursuant to Texas Rule of Civil Procedure 216.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that it be released and discharged of the charges filed against it; that Plaintiff takes nothing by reason of this suit; and for such other and further relief to which Defendant may be justly entitled and for which Defendant will forever pray.

Respectfully submitted,

**GERMER PLLC**

By:                     
        **DALE M. "RETT" HOLIDY**
        State Bar No. 00792937
        rholidy@germer.com
        **LAUREN N. HERRERA**
        State Bar No. 24092720
        lherrera@germer.com
        America Tower
        2929 Allen Parkway, Suite 2900
        Houston, Texas 77019
        (713) 650-1313 – Telephone
        (713) 739-7420 – Facsimile

        **ATTORNEYS FOR DEFENDANT,**
        **STATE FARM MUTUAL AUTOMOBILE**
        **INSURANCE COMPANY**

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record on this 1st day of June 2020.

Anthony Akins Pusch                                      **VIA E-FILE**
PUSCH & NGUYEN LAW FIRM PLLC
6330 Gulf Freeway
Houston, Texas 77023
eserve@puschnguyen.com

_____
**LAUREN N. HERRERA**

## CAUSE NO. 2020-24553

| | | |
|---|---|---|
| **CHANDRA WARE** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **STATE FARM MUTUAL AUTOMOBILE** | § | |
| **INSURANCE COMPANY** | § | **215TH JUDICIAL DISTRICT** |

## UNSWORN DECLARATION UNDER
## SECTION 132.001 OF THE TEXAS CIVIL PRACTICE & REMEDIES CODE

1. "My name is Michael Byars. I am over the age of 18, have never been convicted of a crime, and am otherwise capable of making this Declaration. I am executing this Declaration as part of my assigned duties and responsibilities. I have personal knowledge of the facts stated below and I declare under penalty of perjury that the facts stated below are true and correct.

2. I am Claim Team Manager for State Farm Mutual Automobile Insurance Company and hereby swear and affirm that the facts contained within paragraphs II and III of Defendant's Original Answer are true and correct.

SWORN AND SUBSCRIBED TO, by the said affiant, on the 28th day of May, 2020.

MICHAEL BYARS

**Harris County Docket Sheet**

# 2020-24553

**COURT:** 215th

**FILED DATE:** 4/20/2020

**CASE TYPE:** Debt/Contract - Consumer/DTPA



### WARE, CHANDRA

Attorney: PUSCH, ANTHONY AKINS

#### vs.

### STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

Attorney: HOLIDY, DALE MARETT

| Docket Sheet Entries | |
|---|---|
| **Date** | **Comment** |